THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CR-15-174-R |
| | ) | CIV-19-982-R |
| HADORI KARMEN CHANTEL WILLIAMS, | ) | |
| Defendant. | ) | |

# ORDER

Before the Court are various filings by Defendant Hadori Williams in support of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 51).[1] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Defendant pled guilty to two counts of a three-count indictment, in exchange for dismissal of the third count. On June 2, 2016, the Court sentenced Mr. Williams to one hundred eighty months imprisonment, sixty months on Count 1, possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a), and one-hundred eighty months

---

[1] Defendant filed an initial motion under § 2255 and a brief in support on October 25, 2019 (Doc.Nos. 51 and 52). The Court questioned whether the Motion, filed more than one year after Defendant's conviction became final, was timely and ordered him to respond, which he did. (Doc.Nos. 55 and 56) (two apparently identical filings). Thereafter the Court ordered the United States to respond, which it did (Doc.No. 58). Defendant filed his reply on February 3, 2020. The Court has reviewed all of the parties' submissions regarding the § 2255 motion.

on Count 3, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), to run concurrently. (Doc.No. 46). Defendant did not appeal from the judgment and conviction, and accordingly, his conviction became final fourteen days later, June 16, 2016, when the time for seeking an appeal expired. *See United States v. Prows,* 448 F.3d 1223, 1227-28 (10th Cir. 2006)("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). 28 U.S.C. § 2255(f) sets forth the statute of limitations for a § 2255 motion:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, the Court ordered Defendant to show cause why his Motion should not be dismissed as untimely in light of the passage of more than three years between his conviction and the instant motion. In response, Defendant relies on *United States v. Davis*, 139 S.Ct. 2319 (2019) and § 2255(f)(3). In *Davis*, the Supreme Court invalidated the residual clause of § 924(c), as unconstitutionally vague. Defendant, however, was not sentenced under § 924(c); rather, he was sentenced under § 924(e), and the residual clause of § 924(e), § 924(e)(2)(B)(ii), was invalidated by the Supreme Court in 2015 prior to

Defendant's conviction.[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015). Accordingly, Defendant cannot rely on *Davis* to extend the statute of limitations period under § 2255(f)(3). Furthermore, because the sentence in this case was imposed after *Johnson*, the Court did not rely on the residual clause of § 924(e), but rather, his burglary convictions were considered under the enumerated clause of 18 U.S.C. § 924(e)(2)(B)(ii), specifically the "that is burglary" provision. The enumerated clause has not been invalidated.

The better interpretation of Defendant's argument is that his sentence was unconstitutional because his state convictions for second degree burglary and attempted first degree burglary should not have been considered crimes of violence under the ACCA, because the statutory definitions are broader than the generic definition of burglary. *See* (Doc. No. 55, p. 8). In support of this argument Defendant cites to *United States v. Hamilton*, 889 F.3d 688 (10th Cir. 2018). *Hamilton* addressed the merits of Defendant's claim, specifically finding that a conviction for second degree burglary is not categorically a crime of violence under the ACCA. The holding in *Hamilton* does not provide Defendant a route for avoiding the one-year statute of limitations period, because *Hamilton* is not a Supreme Court case, the Supreme Court has not considered this issue, and only the Supreme Court can declare a new constitutional law retroactive. *United States v. Cartwright*, No. 10-CR-0104-CVE, 2019 WL 6717020, *2 (N.D. Okla. Dec. 10, 2019). Furthermore, "even if this were a new constitutional right, defendant's motion is outside the one-year statute of limitations period, as *Hamilton* was decided on May 4, 2018." *Id.*

---

[2] The ACCA's residual clause provided that a "'violent felony' means any crime ... , that is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

Similarly, Defendant's § 2255 ineffective assistance of counsel claim is time barred. *Strickland v. Washington*, 466 U.S. 668 (1984), which set forth the standard for ineffective assistance of counsel claims was clearly decided long before Defendant's conviction became final.[3]

Finally, Defendant argues that actual innocence provides a basis for avoidance of the statute of limitations period. The period set forth in § 2255(f) is subject to equitable tolling in certain circumstances, including when a prisoner is actually innocent. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Defendant, however, does not argue he was actually innocent of being a felon in possession of a firearm, he argues that the ACCA sentencing enhancement was in error. Such a claim is one of legal, not actual, innocence, and thus is not sufficient to overcome the statutory one-year time limit. *United States v. Burks*, 643 F. App'x 757, 758 (10th Cir. 2016) (unpublished) (rejecting similar claim). Additionally, the alleged ineffective assistance of counsel during plea and sentencing does not provide a basis for equitable tolling of the one-year limitations period. *See e.g. Faircloth v. Raemisch*, 692 F. App'x 513, 523 (10th Cir. 2017) (unpublished) (holding that an attorney's incorrect advice regarding tolling of AEDPA's statute of limitations does not amount to the type of extraordinary circumstance that warrants equitable tolling). Furthermore, even if extraordinary circumstances existed, petitioner has set forth no facts indicating that he pursued his claims with due diligence. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008)(a petitioner "must allege with specificity the

---

[3] Defendant argues in his Reply that the Government did not dispute that counsel was the cause for his procedural default. (Doc.No. 60, p. 2). The issue here is not procedural default or whether Defendant can establish cause and prejudice to overcome such default. Rather, the issue is whether Plaintiff's claims are timely under § 2255(f)(1)-(4).

steps he took to diligently pursue his federal claims" (internal quotation marks and citation omitted)).

The Court has considered the claims raised in defendant's § 2255 motion and the related filings and concludes his motion should be dismissed as time-barred. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue because Defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is dismissed as time-barred. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 11th day of February 2020.

DAVID L. RUSSELL  
UNITED STATES DISTRICT JUDGE